UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SERAFINO CARDINALI

                                Plaintiff,

                                                                                 Case # 14-CV-6558-FPG

v.

                                                                                 DECISION AND ORDER

COUNTY OF MONROE,

                                Defendant.
_____

**INTRODUCTION**

Plaintiff Serafino Cardinali alleges that his former employer, the County of Monroe ("Defendant"), unlawfully discriminated against him by forcing him to retire early. Specifically, Plaintiff argues that Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, when it eliminated his job as an associate engineer for the County's Department of Environmental Services ("DES"). ECF No. 1. Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 22. For the reasons stated below, the Defendant's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

**I.    Facts**

Plaintiff worked for 20 years as an associate engineer for the Monroe County DES in the Engineering and Facilities Division. ECF No. 16. In 2012, Plaintiff told his supervisor Jason Kennedy that he planned to retire in December 2013.[1] ECF No. 22-10 at 11; ECF No. 22-8 at 15.

---

[1] Plaintiff alleges that Mr. Kennedy initiated the first conversation about Plaintiff's retirement plans, *see* ECF No. 22-8 at 14, while Kennedy says Plaintiff himself initiated the conversation in 2012, *see* ECF No. 22-10 at 11. Plaintiff's

As Chief of the Department's Engineering and Facilities Division, Mr. Kennedy was in charge of the Division's budgeting efforts. ECF No. 22-15 at 1; ECF No. 22-9 at 8. Relying on Plaintiff's expressed retirement plans to Mr. Kennedy, Defendant eliminated funding for Plaintiff's position in the 2014 DES budget. ECF No. 22-8 at 27.

Plaintiff then had a change of heart, and in the fall of 2013, expressed to Mr. Kennedy his desire to postpone his retirement to 2014 for financial reasons. ECF No. 22-8 at 27. Mr. Kennedy informed Plaintiff that postponing his retirement would not be possible, as DES could no longer fund Plaintiff's position in 2014. *Id.* Mr. Kennedy allegedly informed Plaintiff that he had the right to partake in "bumping," a process through which Plaintiff could take the job of a less senior associate engineer. ECF No. 22-15 at 3. Specifically, Plaintiff could "bump" David Cross, a younger and less experienced associate engineer. *Id.* Plaintiff, on the other hand, says that Mr. Kennedy discouraged him from exercising his bumping rights. ECF No. 22-8 at 28. Against his wishes, Plaintiff retired from his position in December of 2013. *Id.* at 11. After Plaintiff's retirement, his former coworkers Irving Murph, who is approximately Plaintiff's age, and Donald Irvine, who is roughly ten years younger than Plaintiff, assumed his duties. ECF No. 22-17 at 11.

Plaintiff suspects that his supervisors' true motives for defunding his position were not innocuous or merely budgetary. In his deposition, he posits numerous theories about why Defendant actually terminated him: his superiors at the County "didn't trust" him because he reported them to government investigators "for soliciting funds for the Monroe County Republican Party," they thought he was "too tough" in enforcing the building code for particular projects, they

---

coworker Irving Murph confirms that Mr. Kennedy asked all retirement-eligible employees about their plans, strictly so he could plan the Department's budget for the following year. Plaintiff does not argue that Defendant's inquiry into employees' retirement plans amounts to age discrimination. Even if he did, "a company has legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them as evidence of unlawful conduct." *Crowe v. Leroy Cent. School Dist.,* 949 F.Supp.2d 435, 446 (W.D.N.Y. 2013) (quoting *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 502 (7th Cir. 1992)).

"just didn't like" his personality, they did not like that he would not stay at work "after 5 o'clock," they were upset when he stopped contributing to the annual office holiday party, and they were angry that he refused to watch one of his supervisors perform in a band. ECF. 22-8 at 36-38, 54, 61-68, 73-75, 77-80. Plaintiff believes that his bosses were most upset about his unwillingness to contribute to the Monroe County Republican Party and his communications with government investigators on that matter.[2]

## II.    Procedural History

On September 23, 2014, Plaintiff sued Defendant under the ADEA, the New York State Civil Service Law §107, Executive law §296 and §297, and Rule XXVII of the Monroe County Civil Service Commission, for employment discrimination based upon age and in retaliation for Plaintiff's refusal to contribute money to a political party, and for reporting requests for monetary contributions to a political party. ECF No. 1.

On March 4, 2015, Defendant moved for judgment on the pleadings on the basis that Plaintiff could not establish a *prima facie* case of age discrimination under the ADEA, and that Plaintiff's state law claims were both meritless and failed to comply with the procedure mandated by New York County Law § 52. ECF No. 13. This Court dismissed Plaintiff's state law claims as procedurally barred, but denied Defendant's motion with respect to Plaintiff's ADEA claim. ECF No. 18.

On April 27, 2017, Defendant moved for summary judgment on Plaintiff's surviving ADEA claim. ECF No. 22. Defendant argues that Plaintiff failed to present facts showing that DES eliminated Plaintiff's job because of his age. *Id.*

---

[2] For a more detailed description of Cardinali's allegations involving Defendant's fundraising efforts for the Monroe County Republican Party, see this Court's decision granting in part and denying in part Defendant's Motion for Judgment on the Pleadings. ECF No. 18.

3

# DISCUSSION

I. **Applicable Law and Legal Standards**

   A. **Summary Judgment**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id*. The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56).

The Second Circuit has warned district courts to be particularly careful when resolving summary judgment motions in employment discrimination cases. Such cases often turn on the employer's intent—an issue that can be ill-suited for summary adjudication. *Eastmer v. Williamsville Cent. Sch. Dist.*, 977 F. Supp. 207, 212 (W.D.N.Y. 1997) (quoting *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994)). Courts should carefully scrutinize the record "for circumstantial proof which, if believed, would show discrimination." *Id.*

At the same time, courts should not simply rubber-stamp a plaintiff's assertion of discriminatory intent. After all, the "summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid

motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). Ultimately, while courts should tread carefully in analyzing employer intent, "the salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to commercial or other areas of litigation." *Id.* If courts allowed parties to defeat motions for "summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars," they "would necessitate a trial in all" discrimination cases. *Id.*

### B. The ADEA

Under the ADEA, it is "unlawful for an employer to take adverse action against an employee 'because of such individual's age.'" *Gross v. FBL Financial Servs.,* 557 U.S. 167, 170 (2009) (quoting 29 U.S.C. § 623(a)). The statute protects individuals age 40 or older. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). The plaintiff bears the initial *de minimis* burden of establishing a *prima facie* case of age discrimination. *See Abraham v. Board of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 72 (2d Cir. 2004). If the plaintiff overcomes this burden, the defendant employer must then articulate a legitimate, nondiscriminatory reason for the challenged adverse action. *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir. 2004).

If the employer does so, the plaintiff can no longer rely on his *prima facie* case, and must then prove by a preponderance of the evidence that age was the "but-for" cause of the challenged employer decision. *Gross*, 557 U.S. at 176. Even a plaintiff who can demonstrate that age was at least a "contributing or motivating factor" in the challenged action has not satisfied his burden to prove "but-for" causation. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Accordingly, a plaintiff who cannot demonstrate that age was even a contributing factor in his employer's actions, and who instead advances allegations that are "conclusory and unsupported

5

by evidence of any weight," will inevitably lose on summary judgment. *See Crowe v. Leroy Cent. School Dist.*, 949 F.Supp. 2d 435, 445 (W.D.N.Y. 2013) (quoting *Smith v. American Exp. Co.*, 853 F.2d 151, 155 (2d Cir. 1988)).

To establish a *prima facie* ADEA claim, a plaintiff must show that (1) he is a member of the protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the action give rise to an inference of age discrimination. *Gorzynski*, 596 F.3d at 107 (2d Cir. 2010). To establish the fourth element, the plaintiff's proffered admissible evidence must show "circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive" to discriminate against an individual because of his or her age. *Chambers v. TRM Copy Centers*, 43 F.3d 29, 38 (2d Cir. 1994); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("In a disparate treatment case, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision."). Even if a particularly hostile and contentious relationship exists between employer and employee, "absent any claim of age-related animus," a dispute "is not the province of the ADEA." *Szarzynski* v. *Roche Labs., Inc.*, No. 07-CV-6008, 2010 WL 811445, at *9 (W.D.N.Y. Mar. 1, 2010).

## II. Plaintiff Fails to Raise a Genuine Issue of Material Fact as to His Discrimination Claims

### A. Plaintiff's Failure to Submit a Rule 56.1 Statement

As a threshold matter, the Defendant argues that because the Plaintiff failed to comply with Local Rule of Civil Procedure 56(a)(2) in responding to Defendant's Motion for Summary Judgment, this Court should admit the Defendant's Statement of Undisputed Facts and grant it summary judgment. ECF No. 25-1 at 2. Specifically, Plaintiff failed to challenge Defendant's

Local Rule 56.1 Statement of Material Facts. *Id.* As a result, Defendant urges that its Rule 56.1 Statement be deemed undisputed for purposes of its motion. *Id.*

Local Rule 56(a)(2) allows, but does not require, this Court to admit Defendant's statement because of Plaintiff's failure to comply with the rules. L.R. Civ. P. 56.2 ("Each numbered paragraph in the moving party's statement of material facts *may* be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.") (emphasis added). District courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). A court may meticulously review the record even if a party fails to submit a Rule 56.1 Statement. *See id.* at 73.

While Plaintiff failed to respond to Defendant in the format required by Rule 56(a)(2), Plaintiff did adhere to the spirit of the rule by disputing the veracity of numerous alleged facts in Defendant's Rule 56.1 Statement. *See* ECF No. 24. Parties should take care to comply with the Local Rules, but this Court will not punish Plaintiff for failing to comply with the exact formalities of Rule 56.1 in this instance, as the issue ultimately has no bearing on the outcome of this case. Therefore, this Court will not deem Defendant's Rule 56.1 Statement undisputed.

### B. Plaintiff's *Prima Facie* ADEA Claim

Element four[3] of Plaintiff's *prima facie* ADEA case—whether the circumstances surrounding his retirement give rise to an inference of age discrimination—resolves this case.[4]

---

[3] The parties agree that Plaintiff has satisfied the first two elements of his *prima facie* ADEA case.
[4] The parties also disagree over element three of the *prima facie* ADEA case: whether Plaintiff faced an adverse employment action. Plaintiff has likely demonstrated a genuine issue as to the voluntariness of his retirement from DES, as there is an unresolved dispute about whether Defendant dissuaded Plaintiff from exercising his bumping rights. But because Plaintiff has not satisfied element four of his *prima facie* case, nor his final burden, this Court will not further expound on element three.

Plaintiff's burden to establish a *prima facie* case of age discrimination is *de minimis*, but still existent. There must be something in the record from which a factfinder can infer discrimination.

Based on the record before this Court, no reasonable factfinder could infer that Plaintiff's retirement resulted from age discrimination. Although Plaintiff chose to sue under the ADEA, he does not substantively allege age discrimination in his briefs or deposition. Plaintiff articulated an exhaustive litany[5] of roughly six reasons why he may have been forced out from DES in his deposition, including retaliation for speaking with investigators about donations to the Republican Party and his supervisors' concerns over aspects of his personality and job performance. *See* ECF No. 22-8 at 36-38, 54, 61-68, 73-75, 77-80. But Plaintiff never said that he was terminated because of his age.[6]

While Plaintiff's allegations concerning solicitation of funds for the Republican Party were the proper target of the state law claims that originally accompanied Plaintiff's ADEA claim, this Court dismissed those state law claims as procedurally defective last March. ECF No. 18. Instead of evincing facts from which a jury could infer age discrimination, Plaintiff's brief opposing summary judgment curiously resurrects the dismissed political contribution-related claims. ECF No. 24-1 at 4. Those procedurally-barred claims are completely unrelated to the ADEA. That Plaintiff chose to reargue them instead of further developing the surviving ADEA claim makes plain that he cannot adduce facts supporting an inference of age discrimination.

Plaintiff argues that the fact that he was "not afforded his bumping rights over" David Cross, "a man twenty years younger, with about 13 less years seniority than Plaintiff" is a

---

[5] In his deposition, counsel for Defendant repeatedly asked Plaintiff to name any reason he can think of as to why Defendant eliminated his position, and Plaintiff eventually stated on the record that he had articulated every reason he could think of. *See* ECF No. 22-8 at 79.

[6] Tellingly, in the 80 pages of Plaintiff's deposition testimony included in the record, the word "age" does not appear once.

circumstance giving rise to an inference of age discrimination under the Second Circuit's decision in *Gorzynski v. JetBlue Airways Corp*. ECF No. 24 at 2. Even if we assume for the purposes of summary judgment that Defendant discouraged Plaintiff from taking Mr. Cross's job, the facts of *Gorzynski* are not at all analogous to those in this case. In *Gorzynski*, the 61-year-old plaintiff's employer fired her and replaced her with a "woman in her twenties," and the plaintiff herself reasonably suspected, due to her supervisor's negative age-related comments and other disparate treatment she endured at work, that her supervisors fired her because of her age. *Gorzynski*, 596 F.3d at 107. Here, Plaintiff told his supervisor he wanted to retire, Defendant eliminated his position based on Plaintiff's expressed wishes, men similar in age and experience to Plaintiff assumed his former job duties, and, most importantly of all, Plaintiff himself does not suspect that he was terminated because of his age, nor does the record indicate he had reason to.

### C. Plaintiff's Ultimate Burden of Proving "But-for" Causation

Even if Plaintiff had somehow carried his *prima facie* burden, the record does not support a finding that age was the "but-for" cause of his termination. In his briefs to the Court, Plaintiff unduly focuses on the issue of bumping and other aspects of his *prima facie* case, completely ignoring his ultimate obligation to establish "but-for" causation by a preponderance of the evidence. Even Plaintiff's own deposition indicates that he does not believe age played any role in his termination, let alone the determinative role. Since Plaintiff has not indicated that age was at least a contributing or motivating factor in his termination, it is not possible for any reasonable juror to determine that age was the "but-for" cause of his termination. This impossibility results from Plaintiff's failure to advance his age discrimination claim beyond the conclusory level, and accordingly, the Court must grant Defendant's Motion for Summary Judgment.

**CONCLUSION**

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED, and this case is DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 31, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court